ELECTRONICALLY FILED - 2025 Nov 11 12:42 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1006315

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT |
| Gregory Pressley, | |
| Plaintiff, | |
| vs. | SUMMONS |
| | (JURY TRIAL DEMANDED) |
| The Boeing Company, | |
| Defendant. | |

TO: DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint on the attorneys for Plaintiff at their office located 171 Church Street, Suite 160, Charleston, South Carolina, 29401, within thirty days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

FERGUSON LAW AND MEDIATION, LLC
s/ Emmanuel J. Ferguson, Sr.
Emmanuel J. Ferguson, Sr.
171 Church Street, Suite 160
Charleston, South Carolina 29401
(843) 491-4890   telephone
Email: emmanuel@fergusonlaborlaw.com
*Attorneys for Plaintiff*

November 11, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Nov 11 12:42 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1006315

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT |
| Gregory Pressley, | |
| Plaintiff, | |
| vs. | COMPLAINT<br>(JURY TRIAL DEMANDED) |
| The Boeing Company, | |
| Defendant. | |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

PARTIES AND JURISDICTION

1. Plaintiff Gregory Pressley ("Plaintiff") is a white male resident of Charleston County, South Carolina. He is a veteran of the United States Marine Corps and currently serves as a First Sergeant in the Georgia Air National Guard.

2. Defendant The Boeing Company ("Boeing") is a Delaware corporation authorized to conduct business in South Carolina.

3. Boeing maintains substantial operations at its North Charleston campus located at 5400 International Boulevard, North Charleston, South Carolina.

4. Boeing employs more than fifteen (15) employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

5. Boeing is subject to 42 U.S.C. 1981.

6. This Court has jurisdiction over the persons and individuals named in this action.

7. This Court has jurisdiction over the subject matter of this lawsuit.

8. Venue for all causes of action stated herein lies in the County of Charleston in that the Plaintiff resides in the County, Defendant does business in the County, and the alleged events occurred in the County.

9. Plaintiff is an avid outdoorsman who engages in outdoor activities, including fishing and game hunting as hobbies.

10. Plaintiff began working for Boeing in approximately November 2022 as an Assembler at the North Charleston facility.

11. In July 2023, Plaintiff was promoted to serve as an Innovation Cell Focal in the engineering rotation, where he led a diverse team and contributed to process improvements.

12. In October 2023, Plaintiff was again promoted to Manufacturing Manager ("Manager K"), responsible for supervising employees across multiple disciplines, managing production and safety processes, and implementing continuous improvement strategies consistent with Boeing's leadership competencies.

13. Plaintiff consistently performed his job duties in a competent and professional manner. He received positive evaluations and no prior disciplinary actions during his employment.

14. On or about October 1, 2024, Boeing's Corporate Investigations unit initiated an internal inquiry after two subordinates alleged that Plaintiff had made racially insensitive remarks and gestures.

15. The allegations included the accusation that Plaintiff told a Black employee "don't kill anybody" when saying goodbye before a weekend; displayed a photograph of a deer he had hunted and commented that he "only shoots the brown ones"; and spun a "zip tie" looped around his finger.

16. Plaintiff does not recall making these statements, and denies specifically making any such, or similar, statements to any person because of his/her race.

17. Plaintiff denied harboring any racial animus or motive and informed Boeing that any such remarks, if made, were misunderstood, taken out of context, or mischaracterized.

18. The investigation conducted by Boeing was cursory, failed to identify or interview all potential witnesses, and was conducted without providing Plaintiff full notice of the allegations, the identity of the complainants, or the opportunity to respond meaningfully.

19. On or about October 14, 2024, Boeing terminated Plaintiff's employment. The Employee Corrective Action Memo issued that day cited "Violation Category 1B – Harassment (EEO – Excluding Sexual)" and alleged that Plaintiff's comments "showed aversion toward a group because of their race."

20. Boeing's Anti-Retaliation Policy (PRO-7138) and Equal Employment Opportunity policy (POL-2) both mandate that employees not be subjected to discriminatory or retaliatory treatment based on race or color, and that investigations into misconduct be conducted fairly and without bias.

21. Plaintiff's termination contravened Boeing's own policies, which require that disciplinary actions be proportionate, supported by verified evidence, and free of discrimination.

22. On or about October 15, 2024, following his discharge, Plaintiff submitted a Grievance–Appeal Request to Boeing, seeking review of the termination and instructing Boeing to preserve all records, including personnel, investigation, and disciplinary materials. Boeing did not grant the requested appeal or engage in a meaningful dialogue to reconsider its decision.

23. On or about January 2, 2025, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission("SCHAC"), alleging discrimination based on race and color.

24. On or about August 26, 2025, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

25. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which he received the notice of right to sue described above.

26. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE/COLOR
(As to Defendant Boeing)

27. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

28. Plaintiff is a member of a protected class — he is white, and therefore protected against race and color discrimination under Title VII.

29. Plaintiff was qualified for his position as a Manufacturing Manager and performed his duties in a satisfactory and professional manner throughout his employment.

30. On or about October 14, 2024, Defendant terminated Plaintiff's employment based on alleged violations of Boeing's workplace conduct policy.

31. The alleged basis for Plaintiff's termination — that he made racially insensitive comments — was false, pretextual, and motivated by discriminatory bias against him because of his race and color.

ELECTRONICALLY FILED - 2025 Nov 11 12:42 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1006315

32. Boeing's decision to terminate Plaintiff was made without a fair investigation, without allowing Plaintiff to confront the allegations, and in contravention of Boeing's own POL-2 ("Advancing the Boeing Principles") and PRO-4332 ("Workplace and Sexual Harassment") procedures requiring equal treatment and non-discriminatory discipline.

33. Similarly situated non-white employees who engaged in comparable or more egregious conduct were not terminated or otherwise disciplined, demonstrating disparate enforcement of company policy.

34. Plaintiff's race was a motivating factor in Boeing's decision to terminate Plaintiff's employment.

35. Plaintiff's race was a motivating factor in Boeing's decision not to fully investigate the false complaints about Plaintiff.

36. In fact, Boeing failed to interview other employees with knowledge about Plaintiff, review video camera footage, and purposefully withheld information from Plaintiff in order to prevent him from challenging the false allegations made about him.

37. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

38. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

ELECTRONICALLY FILED - 2025 Nov 11 12:42 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1006315

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RACE DISCRIMINATION
(As to all Defendants)

39. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

40. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

41. Defendant, through its officers, agents, and employees, intentionally discriminated against Plaintiff on the basis of his race in the making, performance, and termination of his employment in violation of 42 U.S.C. § 1981.

42. Plaintiff's termination was based on his race and by Boeing's differential application of workplace standards toward white employees accused of racial impropriety.

43. Defendant's actions deprived Plaintiff of the same rights enjoyed by non-white employees to make and enforce contracts, to the benefits of employment, and to the full and equal enjoyment of all laws for the security of persons and property.

44. Defendant's actions were intentional, malicious, and taken with reckless disregard for Plaintiff's federally protected rights, thereby entitling Plaintiff to compensatory and punitive damages.

45. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

ELECTRONICALLY FILED - 2025 Nov 11 12:42 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1006315

46.	That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

47.	But for Plaintiff's race, Defendants would have properly investigated the false complaints against Plaintiff and would not have terminated his employment.

48.	But for Plaintiff's race, Defendants would not have discriminated against Plaintiff.

49.	As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

50.	Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and she is entitled to recover punitive damages from Defendant.

FOR A THIRD CAUSE OF ACTION:
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

51.	Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

52.	Under South Carolina law, an employer may not terminate an employee when the termination is in violation of a clear mandate of public policy.

53.	The public policy of the State of South Carolina, as embodied in both state and federal anti-discrimination laws, forbids termination of an employee based on race or color, and further requires that employment decisions be made fairly and without bias.

ELECTRONICALLY FILED - 2025 Nov 11 12:42 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1006315

54. It is likewise the public policy of South Carolina that employers who choose to investigate allegations of misconduct must do so fairly, objectively, and competently, without bias or bad faith.

55. Defendant terminated Plaintiff's employment on or about October 14, 2024, allegedly for violations of workplace policy.

56. Defendant's decision was motivated by race-based bias, selective enforcement of company rules, and an arbitrary, incomplete investigation that failed to follow Boeing's own policies.

57. Defendant's actions violated the clear public policy of this State by terminating Plaintiff because of his race and color, and in retaliation for his good-faith efforts to contest such discrimination.

58. Alternatively, Defendant's termination of Plaintiff violated South Carolina's public policy favoring fairness, honesty, and equal treatment in employment, and its prohibition against terminations made in bad faith or for unlawful reasons.

59. Plaintiff's termination was carried out intentionally, maliciously, and in reckless disregard of his rights and in a manner offensive to public decency and the rule of law.

60. Defendant's wrongful termination of Plaintiff undermines the State of South Carolina's public interest in maintaining workplaces free of cultural bias relating to Plaintiff's cultural identity as an outdoorsman and hunter and in ensuring that employers conducting investigations into alleged misconduct do so objectively. The deterrence of such practices serves an important public purpose beyond the private interests of the parties.

61. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental

anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

62.     Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

WHEREFORE, Plaintiff requests a jury trial on all causes of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

FERGUSON LAW AND MEDIATION, LLC

s/*Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
171 Church Street, Suite 160
Charleston, South Carolina 29401
(843) 491-4890  telephone
emmanuel@fergusonlaborlaw.com

*Attorney for Plaintiff*

November 11, 2025
Charleston, South Carolina